STATE OF NEBRASKA, APPELLEE, V. MARK E. PACKETT, APPELLANT.

523 N.W.2d 695

Filed November 18, 1994.   No. S-93-971.

Michael T. Levy for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

The defendant, Mark E. Packett, pleaded guilty to a charge of driving while intoxicated, third offense, and was sentenced to jail, was fined, and had his driving privileges revoked for 15 years. On June 30, 1993, his application for a reduction of the period of suspension, filed June 17, was heard by the county court.

The application alleged that the defendant had been convicted on September 5, 1986; that more than 5 years had elapsed since the date of the revocation; that the defendant had completed a program for treatment of chemical dependency and was recovering or had substantially recovered from the dependency on or tendency to abuse alcohol or drugs; and that he satisfied the other requirements of Neb. Rev. Stat. § 39-669.19 (Cum. Supp. 1992). The county court denied the application and found that the defendant had failed to show by a preponderance of the evidence the necessary elements in § 39-669.19.

Upon appeal to the district court, the judgment of the county court was affirmed. The defendant has now appealed to this court.

A letter from the district judge, a copy of which is in the transcript, recites that within 2 years of the date of revocation the defendant was convicted of driving under suspension and that in 1988 the defendant was sentenced to imprisonment and was subsequently paroled on August 25, 1989.

A copy of the certificate of parole was received in evidence. A condition of the parole is that the defendant "attend two A.A. meetings per week." The defendant admitted that he has not continued to attend AA meetings on the ground that such is unnecessary considering the recovery that he has made. The district court noted that there is no evidence that the parole has been terminated or that the condition of parole has been eliminated.

There is no documentary evidence that the defendant successfully completed a program for chemical dependency,

although he was "discharged satisfactory, but incomplete" from such a program, according to an institutional progress report dated March 10, 1989.

An institutional progress report dated July 24, 1989, contains an entry as follows: "Programs completed — none." The report also states that the defendant needs "AA structure based on history of alcohol abuse" and that "AA programming should be considered mandatory if granted the parole privilege."

At the hearing, testimony favorable to the defendant was received from the defendant and the chief of police of LaVista, the defendant's brother.

Section 39-669.19 does not grant an absolute right to a defendant to a reduction of a term of revocation, but provides that the period of revocation "may" be reduced if the provisions of the statute are shown by the applicant to be satisfied by a preponderance of the evidence. Neb. Rev. Stat. § 49-802(1) (Reissue 1993) provides that "[w]hen the word may appears, permissive or discretionary action is presumed. When the word shall appears, mandatory or ministerial action is presumed."

In view of the record in this case, the judgment of the district court is affirmed.

AFFIRMED.